UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

GODSON ALBERT,

                 Plaintiff,

v.

JOHN GRICE and WILLIAMS-SONOMA
WAREHOUSE,

                 Defendants.

Civ. Action No. 20-20503 (FLW)

**MEMORANDUM OPINION
AND ORDER**

      **THIS MATTER** comes before the Court upon a Motion to Dismiss (the "Motion") filed on June 8, 2021, by Sean Kirby, Esq., counsel for defendant Williams-Sonoma Direct, Inc. ("Defendant" or "WSI"),[1] pursuant to Federal Rule of Civil Procedure 12(b)(6); it appearing that *pro se* plaintiff Godson Albert ("Plaintiff") has not opposed the Motion; the Court, having reviewed Defendant's submissions in connection with its Motion, pursuant to Federal Rule of Civil Procedure 78, makes the following findings:

1.    On November 10, 2020, Plaintiff filed a Complaint in the U.S. District Court for the Eastern District of Pennsylvania asserting claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., against defendant John Grice. ECF No. 2. Plaintiff filed his Complaint after filing a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission (EEOC) on or about November 13, 2019, in response to which the EEOC issued a Notice of Right to Sue on August 21, 2020. *See* ECF

---

[1] The Amended Complaint identifies John Grice as the only defendant. A summons was issued and served on "Williams-Sonoma Warehouse," which is not a legal entity. The correct entity is "Williams-Sonoma Direct, Inc.," as set forth in Defendant's Motion. ECF No. 26 at 1 n.1.

1

No. 2 at 6. Pursuant to 28 U.S.C. § 1406(a), the case was transferred to this Court effective December 18, 2020, based upon Plaintiff's worksite having been in New Jersey. *See* ECF No. 5. This Court dismissed Plaintiff's Complaint without prejudice on February 4, 2021, for failure to submit a proper *in forma pauperis* application. ECF No. 8. On March 11, 2021, the Court then granted Plaintiff's renewed *in forma pauperis* application but dismissed his Complaint without prejudice for failing to plausibly allege a Title VII claim and ordered Plaintiff to file an amended complaint within thirty days. ECF No. 13. On March 24, 2021, Plaintiff filed a letter containing his allegations against Grice, ECF No. 14, and on April 5, 2021, the Court ordered Plaintiff to file a formal amended complaint. ECF No. 15. Plaintiff filed his Amended Complaint on April 12, 2021, naming Grice as the only defendant. Amended Complaint ("Am. Compl."), ECF No. 16. Summonses were issued as to defendant Grice and Williams-Sonoma Warehouse on April 28, 2021. ECF No. 19. On May 19, 2021, the summons as to Grice was returned unexecuted, but the summons as to Williams-Sonoma Warehouse was returned executed, with an answer due by June 8, 2021. ECF Nos. 20, 21.

2. Plaintiff's Amended Complaint alleges that he experienced employment discrimination based on his race, color, and national origin as a Black man from Haiti. *See* Am Compl., ECF No. 16 at 6. The Amended Complaint names Grice as the only defendant, and it lists Plaintiff's "Place of Employment" as "Adecco Staffing/Williams-Sonoma Distribution Center." *See id.* at 3–4. Plaintiff lists the address of his "Place of Employment" as "34 Middlesex Center Blvd[,] Monroe Township, North Brunswick[,] New Jersey 08831." *See id.* at 4. Grice's "Job or Title" is listed as "Manager," and his email address is listed as "John.Grice@adeccona.com." *See id.* at 3. In his letter dated March 23, 2021, Plaintiff explains that Adecco is "the agency that hired [him]" and that he worked at a Williams-

2

        Sonoma warehouse in Monroe Township, where Grice was his manager. *See* ECF No. 14. Plaintiff alleges that Grice called him derogatory slurs, including "a monkey[,] on several occasions," and that Grice overworked Plaintiff, causing him to incur physical and economic injuries. Am Compl., ECF No. 16 at 7. Although the Amended Complaint does not name any Williams-Sonoma entity as a defendant, because Plaintiff is *pro se*, and he listed the "Williams-Sonoma Distribution Center" as his "Place of Employment" and effected service on a Williams-Sonoma entity, on this Motion, the Court will construe the Amended Complaint as asserting a claim against WSI.

3. On June 8, 2021, WSI filed the present Motion to Dismiss. ECF Nos. 23–26. WSI maintains that the Amended Complaint fails to state a Title VII claim against WSI because Plaintiff fails to adequately allege that WSI was his employer. *See* ECF No. 26. The deadline for Plaintiff to file his Opposition to the Motion was June 22, 2021, and Plaintiff had not filed his Opposition as of that date. On June 29, 2021, WSI filed a Reply requesting that the Court consider the Motion to be unopposed and grant the Motion, dismissing all claims against WSI with prejudice. ECF No. 27. The Court issued a letter to Plaintiff dated October 7, 2021, notifying Plaintiff that if he failed to file his Opposition within fourteen days, the Court would consider the Motion to be unopposed. ECF No. 28. As of the date of this Order, Plaintiff has not filed his Opposition. Accordingly, the Court will consider Defendant's Motion to be unopposed.[2]

4. In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), "courts accept all factual allegations as true, construe

---

[2] Although the Motion is unopposed, I will review the merits in deciding whether dismissal is appropriate. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991).

    the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quotations and citations omitted). The complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5.   To determine whether a plaintiff has met the facial plausibility standard under *Twombly* and *Iqbal*, courts within this Circuit engage in a three-step progression. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "outline the elements a plaintiff must plead to state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Next, the court "peel[s] away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." *Id*. Finally, where "there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. As a *pro se* litigant, Plaintiff is entitled to liberal construction of his Amended Complaint. *See Liggon–Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011).

6.   "Title VII prohibits employment discrimination on the basis of race." *Barnett v. N.J. Transit Corp.*, 573 F. App'x. 239, 243 (3d Cir.2014) (citing 42 U.S.C. § 2000e–2(a)(1)). To state claim under Title VII, Plaintiff must plausibly allege that "(1) [he] belongs to a protected class[,] (2) [he] suffered some form of adverse employment action[,] and (3) the adverse employment action occurred under circumstances that give rise to an inference of

4

unlawful discrimination." *Id.* By its terms, Title VII imposes liability on "employer[s]." *See* 42 U.S.C. § 2000e–2(a) ("It shall be an unlawful employment practice for an *employer*" to discriminate based on an individual's race, color, religion, sex or national origin); *Anderson v. Mercer Cty. Sheriff's Dept.*, Civ. No. 11-07620, 2013 WL 776237, at *10 (D.N.J. Feb. 28, 2013) ("Title VII requires that the entity being sued is an employer of the plaintiff."). Dismissal as to a particular defendant is appropriate when a plaintiff is not an employee or prospective employee of that defendant. *See Ponton v. AFSCME*, 395 F. App'x 867, 872 (3d Cir. 2010) (holding district court properly dismissed Title VII claim because the plaintiff "was never an employee of the federal agencies that he named to this suit"); *Anderson*, 2013 WL 776237, at *10 ("When the entity sued by the plaintiff is not her employer, dismissal of these claims is appropriate.").

7. Here, Plaintiff's claim against WCI is dismissed because he failed to plausibly allege that WCI was his employer at the time when the alleged discrimination occurred. All the allegations in Plaintiff's Amended Complaint, as well as his initial Complaint and subsequent letter to the Court, are against Grice only. *See* Am. Compl., ECF No. 16 at 7 (alleging that "Grice" called Plaintiff a "monkey," overworked Plaintiff, and told Latino employees to re-assign their work to Haitian employees such as Plaintiff); ECF No. 2 at 3 (same); ECF No. 14 (same). The Amended Complaint implies that Grice was an employee of Adecco, *see* Am. Compl., ECF No. 16 at 3–4 (listing an Adecco email address for Grice), and that Adecco was Plaintiff's "Place of Employment." *Id.* Although the Amended Complaint also lists the "Williams-Sonoma Distribution Center" as Plaintiff's "Place of Employment," his letter to the Court states that "Adecco" is "the agency that hired [him]" and that "the warehouse where [he] used to work is WILLIAMS-SONOMA in Monroe Township." *See* ECF No. 14. Plaintiff does not allege that Grice was an

5

employee of WSI, and none of Plaintiff's allegations pertain to any WSI employee.

8. Further, documents underlying the EEOC proceedings in this matter confirm that WSI was neither Plaintiff's nor Grice's employer. In his EEOC Charge, Plaintiff named "WILLIAMS SONOMA" as the employer responsible for discrimination against him, and he alleged that "Mr. John Manager" subjected him to harassment. *See* Decl. of Sean Kirby ("Kirby Decl.") Ex. B, ECF No. 24-2. WSI's responsive Position Statement in the EEOC proceeding, a copy of which Plaintiff received, identified Grice as "Mr. John Manager" and stated that WSI was not Grice's or Plaintiff's employer. *See* Kirby Decl. Ex. C, ECF No. 24-3. Rather, the Position Statement confirms that Grice was employed by Adecco. *Id.* The Position Statement further clarifies that WSI contracts with United Parcel Service (UPS) to ship goods from WSI's East Coast Distribution Center (ECDC), and UPS in turn contracts with staffing agencies, including Adecco, to engage workers to perform services for UPS at the ECDC. *Id.*[3] Thus, although the ECDC was the location where Plaintiff performed his work, WSI was not his employer.

9. "[WSI] cannot be subject to liability for actions taken by the other companies referenced in the complaint—namely, [Adecco]—unless Plaintiff has sufficiently pleaded facts demonstrating that [WSI] was a . . . 'joint employer' of Plaintiff." *Reid v. Exelon Corp.*,

---

[3] The Court may consider Plaintiff's EEOC Charge and WSI's responsive Position Statement without converting Defendant's Motion to Dismiss into a motion for summary judgment because, although Plaintiff did not attach these documents to the Amended Complaint or rely on them explicitly, they are "integral to . . . the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see also Adams v. Hult*, Civ. No. 14-6820, 2016 WL 5745111, at *3 n.2 (D.N.J. Sept. 30, 2016) (finding EEOC Right-to-Sue Letter "integral" to Title VII claim). Plaintiff's Amended Complaint attaches the EEOC's Notice of Right to Sue, which refers to the Charge and WSI's responsive Position Statement. *See* ECF No. 16. Further, the Notice of Right to Sue clarifies that Plaintiff received a copy of the Position Statement, thereby eliminating "the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff." *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.

Civ. No. 17-4043, 2018 WL 2441744, at *3 (D.N.J. May 31, 2018) (citing *Sandoval v. City of Boulder, Colo.*, 388 F.3d 1312, 1323 (10th Cir. 2004)). "In determining whether Plaintiff has sufficiently pleaded that [WSI] is a 'joint employer,' the Court must evaluate whether [WSI] had (1) the authority to hire and fire employees; (2) the authority to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; (3) day-to-day supervision, including employee discipline; and (4) control of employee records, including payroll, insurance, taxes, and the like." *Id.* (citing *In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*, 683 F.3d 462, 469 (3d Cir. 2012) (adopting "joint employer" test for claims pursuant to Fair Labor Standards Act); *see also Sandoval*, 388 F.3d at 1323 (applying "joint employer" doctrine to Title VII claim). "[T]hese factors do not constitute an exhaustive list of all potentially relevant facts," and the Court must base its assessment "on a consideration of the total employment situation and the economic realities of the work relationship." *In re Enterprise Rent-a-Car*, 683 F.3d at 469 (quotations and citations omitted).

10. Here, Plaintiff has failed to plausibly allege that WSI was a joint employer with Adecco or any other entity relevant to this litigation. The Amended Complaint does not contain any allegations indicating that WSI satisfies any of the four *Enterprise Rent-a-Car* "joint employer" factors with respect to Plaintiff or Grice. The allegations establish only that the ECDC is the location where Plaintiff worked. Moreover, WSI's Position Statement states that WSI was not in a contractual relationship with Adecco. *See* Kirby Decl. Ex. C, ECF No. 24-3. As such, there is no basis to infer that WSI had any authority to hire and fire Adecco employees, supervise them, or set their terms of employment. *See In re Enterprise Rent-a-Car*, 683 F.3d at 469.

11. Because Plaintiff has failed to plausibly allege that he was an employee of WSI or that

WSI was a "joint employer" with Adecco, he has failed to state a claim against WSI under Title VII, and his claim against WSI is dismissed without prejudice. *See Gambrell v. South Brunswick Bd. of Edu.*, Civ. No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019) (dismissing Title VII claim where plaintiffs failed to plausibly allege that "Defendant shared any form of employment-based relationship with Plaintiffs"); *Reid*, 2018 WL 2441744, at *4 (dismissing Title VII claim where plaintiff failed to plausibly allege defendant was "joint employer" with entity that employed plaintiff).[4] Plaintiff is given leave to file a second amended complaint in order to plausibly allege, in accordance with the principles set forth in this Opinion, that WSI was his employer or a joint employer with Adecco, or to assert claims against his alleged employer, Adecco.[5]

Accordingly, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 13th day of January, 2022,

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED**; and it is further

**ORDERED** that Plaintiff is given leave to file a second amended complaint within thirty (30) days of the date of this Order; and it is further

---

[4] As discussed *supra*, the summons as to Grice was returned unexecuted, and Grice has not entered an appearance or answered the Amended Complaint. Accordingly, Plaintiff's claims against Grice remain.

[5] Defendant cites to *El Bomani v. Baraka*, Civ. No. 20-655, 2021 WL 2349761 (D.N.J. June 9, 2021), for the proposition that the Court should dismiss Plaintiff's claims against WSI with prejudice, but *Bomani* does not support dismissal with prejudice in these circumstances. In *Bomani*, the court had granted an unopposed motion to dismiss a *pro se* plaintiff's complaint without prejudice. *Id.* at *2. After the plaintiff filed an amended complaint, the defendant again moved to dismiss, and the plaintiff filed an opposition that merely restated the factual allegations in her amended complaint. *Id.* As such, the court granted the defendant's motion to dismiss the amended complaint with prejudice. Here, even though Plaintiff has not opposed the Motion, this Motion is Defendant's first motion to dismiss, and as such, I will provide Plaintiff an opportunity to amend his complaint in accordance with this Opinion.

**ORDERED** that should Plaintiff fail to timely amend, the Court will convert the dismissal of the claims against WSI to dismissal with prejudice; and it is further

**ORDERED** that Plaintiff is directed to show proof of service as to Grice within fourteen (14) days from the date of this Order, and failure to do so will result in the dismissal of the claims against Grice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

/s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge

9